IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HUDSON INSURANCE COMPANY,<br><br>Defendant. | Case No. CIV-15-064-RAW |

# ORDER

The Muskogee Creek Nation Casino Gaming Operations Authority Board (hereinafter "GOAB") is the sponsor of a group employee welfare benefit plan (hereinafter the "Plan") that provides benefits to eligible employees. Plaintiff Life Insurance Company of North America (hereinafter "LINA") issued a group life insurance policy to those employees, including Gino Berryhill (hereinafter "Decedent") who was employed as a Sergeant of Security. The Decedent named his mother and brother as beneficiaries of his policy. After his death, LINA paid the "Basic Benefits" under the policy to the Decedent's beneficiaries, but determined that it would not pay "Supplemental Benefits." The Decedent's beneficiaries did not appeal the determination. Defendant Hudson Insurance Company (hereinafter "Hudson") paid the Supplemental Benefits to Decedent's beneficiaries. Hudson then filed an action in tribal court to recover the benefits it paid to Decedent's beneficiaries.

On February 12, 2015, LINA filed this action requesting declaratory relief.[1] LINA requests that the court declare: (1) that the group policy is governed by ERISA; (2) that ERISA preempts state law; (3) that tribal exhaustion does not apply; (4) that LINA reasonably determined the denial of the Supplemental Benefits; and (5) that the Decedent's beneficiaries waived any ERISA claim they may have had by failing to exhaust their administrative remedies.

Now before the court is Hudson's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [Docket No. 16]. Hudson first argues that whether ERISA applies or not is irrelevant and that LINA must first exhaust its tribal remedies. In its Reply, Hudson argues that suits between insurers for reimbursement of benefits paid are not pre-empted by ERISA.

*Analysis*

For purposes of the motion to dismiss, the court accepts as true all of the factual allegations in the Amended Complaint and construes those facts in the light most favorable to LINA. See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc., 521 F.3d 1278, 1284 (10th Cir. 2008). Of course, the court does not accept as true conclusory statements or legal conclusions.[2] Hudson filed its motion pursuant to both Rules 12(b)(1) and 12(b)(6). Under Rule 12(b)(1), the court determines whether it has jurisdiction, but does not reach the merits of the case.

---

[1] On February 24, 2015, LINA filed an Amended Complaint to correct the name of Hudson. On March 19, 2015, LINA dismissed the individual defendants, Decedent's beneficiaries.

[2] "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

To survive a motion to dismiss pursuant to Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must nudge its "claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

> [T]he Twombly / Iqbal standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do. In other words, Rule 8(a)(2) still lives. Under Rule 8, specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.

Burnett v. Mortgage Elec. Registration Sys., Inc., 706 F.3d 1231, 1235 (10th Cir. 2013) (quoting Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012)).

For purposes of the motion to dismiss, the court accepts the allegations that the Plan provides group life benefits to GOAB employees and that they are engaged in the casino's commercial activities. LINA argues that the Plan here is almost identical to the one in Stopp v. Mutual of Omaha Life Ins. Co., No. CIV-09-221-FHS, 2010 WL 1994899 (May 18, 2010 E.D. Okla.), and is therefore governed by ERISA. Stopp was decided at the summary judgment stage. This court has not yet been provided with the facts necessary to determine if LINA is correct on this matter. Hudson does not contest this issue, however, and instead states that it is irrelevant. For purposes of this motion, therefore, the court accepts that ERISA governs the Plan.

Hudson argues that the doctrine of tribal exhaustion applies here. The Supreme Court has held that although there may be a federal question, "considerations of comity direct that tribal remedies be exhausted before the question is addressed" by a federal court. See Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9, 15 (1987). "Promotion of tribal self-government and self-

3

determination require[s] that the Tribal Court have 'the first opportunity to evaluate the factual and legal bases for the challenge' to its jurisdiction." Id. at 15-16 (quoting National Farmers Union Ins. Cos. v. Crow Tribe of Indians, 471 U.S. 845, 856 (1985)).

LINA argues that tribal exhaustion does not apply to an ERISA case. The exhaustion of tribal remedies requirement was modified in El Paso Natural Gas Company v. Neztsosie, 526 U.S. 473 (1999). In that case, the Supreme Court held that the tribal exhaustion requirement did not apply to a case involving the Price-Anderson Act, a statute with a broad preemptive scheme. LINA argues that the Northern District of Oklahoma has since held that like the Price-Anderson Act at issue in Neztsosie, ERISA preempts state and tribal court claims "related to benefit plans falling under its purview" and concluded that abstention would be inappropriate. Vandever v. Osage Nation Enterprise, Inc., No. 06-CV-380-GKF-TLW, 2009 WL 702776, at *5 (March 16, 2009 N.D. Okla.) (citing 29 U.S.C. § 1144). See also Coppe v. Sac & Fox Casino Healthcare Plan, No. 14-2598-RDR, 2015 WL 1137733 (March 13, 2015 D. Kansas). This court agrees.

Hudson argues, however, that Vandever is not controlling in this case because suits between insurers for reimbursement of benefits paid are not pre-empted by ERISA. Hudson is correct. Complete preemption under ERISA "is limited to claims brought under § 502(a), and that provision, in turn, is limited by its terms to claims 'by a participant or beneficiary' of an ERISA-regulated plan 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan or to clarify his rights to future benefits under the terms of the plan.'" Hansen v. Harper Excavating, Inc., 641 F.3d 1216, 1221-22 (10th Cir. 2011) (citing 29 U.S.C. § 1132 (a)(1)(B)).[3]

---

[3]This case was not cited by either party, but the court finds it is controlling.

4

Moreover, no part of section 1132 provides for suits brought by an insurer to recover benefits paid. In any event, as this case was not brought by a participant or beneficiary of an ERISA plan to recover benefits or to enforce or clarify his rights under the plan, complete preemption does not apply and the exhaustion of tribal remedies doctrine governs. Accordingly, the motion to dismiss [Docket No. 16] is GRANTED. This action is hereby dismissed.

IT IS SO ORDERED this 30th day of April, 2015.

**Dated this 30th day of April, 2015.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma